United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-20125

_____

**MICHAEL WAYNE RICHARD,**

**Petitioner-Appellant,**

**versus**

**JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(02-CV-469)

_____

Before JONES, STEWART, and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        Michael Wayne Richard (Richard) was convicted of capital murder and sentenced to death.  Richard seeks a certificate of appealability (COA) on two claims to challenge the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief. We deny a COA on his claims.

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  BACKGROUND

Richard was convicted in Texas state court for fatally shooting Marguerite Lucille Dixon in the course of a burglary.  The Texas Court of Criminal Appeals reversed the conviction for failure to comply with Penry v. Lynaugh, 492 U.S. 302, 109 S. Ct. 2934, 106 L. Ed. 2d 256 (1989).  On retrial, Richard was again sentenced to death for capital murder; the Texas Court of Criminal Appeals affirmed Richard's conviction and denied him habeas corpus relief.  The United States Supreme Court denied Richard's petition for writ of certiorari.  In February 2002, Richard filed a federal petition for writ of habeas corpus.  The district court denied the petition and refused to issue a COA.  Richard asks this Court to grant a COA on two claims; each requested COA is denied.

## II.  DISCUSSION

Richard's 28 U.S.C. § 2254 habeas petition, filed in February 2002, is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  See Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 1918, 150 L. Ed. 2d 9, 22 (2001).  Richard must obtain a COA before he can appeal the district court's denial of habeas relief.  28 U.S.C. § 2253(c)(1); Slack v. McDaniel, 529 U.S. 473, 478, 120 S. Ct. 1595, 1600, 146 L. Ed. 2d 542, 551 (2000).

To obtain a COA, Richard must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2);

2

*Slack*, 529 U.S. at 483, 120 S. Ct. at 1603, 146 L. Ed. 2d at 554. When a district court rejects a constitutional claim on the merits, a COA will be granted only if the applicant "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1040, 154 L. Ed. 2d 931, 950-51 (2003) (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, *Slack* provides a two-prong test for determining whether a COA should issue: the applicant must show (1) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Each prong of the test is part of a threshold inquiry, and a court may dispose of the application by resolving the issue whose answer is more apparent from the record and arguments. *Id.* at 485.

## A. Richard's appointed counsel

Richard argues that he was denied the right to counsel and due process under the Sixth and Fourteenth Amendments when the state trial court removed his court-appointed second-chair attorney, Stephen Taylor, and appointed Christopher Goldsmith to represent Richard. The district court concluded that the nonretroactivity rule of *Teague v. Lane*, 489 U.S. 288, 109 S. Ct.

3

1060, 103 L. Ed. 2d 334 (1989), barred Richard's claim, and that, in any event, his claim was meritless. Because reasonable jurists would debate neither the district court's Teague ruling nor the district court's assessment of Richard's constitutional claim, we deny a COA on this claim.

Richard argues that under Cuyler v. Sullivan, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), and Wheat v. United States, 486 U.S. 153, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988), a court may not interfere with an indigent defendant's right to "counsel of his choice" absent a conflict of interest or serious potential for a conflict. This court has "repeatedly held that the right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of one's choice." United States v. Breeland, 53 F.3d 100, 106 n.11 (5th Cir. 1995). In Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993), for example, when a Texas trial court, against Yohey's wishes, replaced his counsel with another attorney, this court held that the "right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of Yohey's choice." Id. at 228.

Here, Richard does not complain of the adequacy of his ultimate representation. He simply argues that an indigent defendant has a right to appointed "counsel of choice." Reasonable jurists would not debate the district court's conclusion that this rule was not "dictated by precedent existing at the time

4

[Richard's] conviction became final" Teague, 489 U.S. at 301, and therefore cannot serve as a basis for habeas relief.

The district court also concluded that even if the rule Richard seeks were not barred by Teague, any error in this case would be harmless because it did not result in "actual prejudice." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (concluding that "habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'"). Richard does not contend that Goldsmith's performance was in any way deficient. Because Richard received competent representation, jurists of reason would not find debatable the district court's conclusion that neither Richard's Sixth nor Fourteenth Amendment rights were violated.

**B.    Opportunity to inform the jury of parole eligibility and to explain or deny certain statements made at trial**

Richard argues that he was denied the effective assistance of counsel and due process guaranteed by the Sixth and Fourteenth Amendments because he was not allowed to inform the jury of Texas law governing parole ineligibility and because "he was unable to explain or deny" certain statements made at trial concerning the future dangerousness of prisoners released from death row. Because jurists of reason would not debate the district

5

court's conclusion that Richard's arguments are meritless and barred by Teague, we deny a COA.

In Simmons v. South Carolina, 512 U.S. 154, 114 S. Ct. 2187, 129 L. Ed. 2d 133 (1994), the Supreme Court held that at the time of death penalty deliberations, the jury should be informed that a defendant is ineligible for parole. This court "has repeatedly refused to extend the rule in Simmons beyond those situations in which a capital murder defendant is statutorily ineligible for parole." Green v. Johnson, 160 F.3d 1029, 1045 (5th Cir. 1998). Simmons does not apply to the present case because if Richard received a life sentence, he would be eligible for parole after he served a minimum of 20 years in prison.

Richard's reliance on Skipper v. South Carolina, 476 U.S. 1, 106 S. Ct. 1669, 90 L. Ed. 2d 1 (1986), and Gardner v. Florida, 430 U.S. 349, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977), does not support his argument. Skipper held that evidence of a defendant's good behavior in prison should be admitted during the punishment phase of a capital sentencing hearing as relevant mitigating evidence, 476 U.S. at 8, and Gardner held that a death sentence could not constitutionally be based on portions of a presentence investigation report that were not disclosed to counsel for the parties, Gardner, 430 U.S. at 351. Richard relies on these cases to argue that his due process rights were violated when he was unable to explain or deny certain statements made during trial. Specifically, he complains of testimony elicited by the State on

6

cross-examination of a professor at the Criminal Justice Center at Sam Houston State University that at least one former death row inmate released from prison killed a person in free society and of the prosecutor's reiteration of that statement during the State's punishment argument.

Simmons involves application of the principles of Skipper and Gardner to the South Carolina sentencing scheme, Simmons, 512 U.S. at 164-65, but this court has repeatedly distinguished the Texas sentencing scheme. An opportunity to explain or deny statements with information regarding parole eligibility is "required only where state law provides for life imprisonment without possibility of parole as an alternative to the death penalty." Woods v. Cockrell, 307 F.3d 353, 361 (5th Cir. 2002).

Although this issue is easily disposed of on the merits, Richard is also not entitled to a COA because reasonable jurists would not debate that Richard's interpretation of Simmons, Skipper, and Gardner would constitute a "new rule" of constitutional law barred by Teague. See Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001).

### III. CONCLUSION

For the foregoing reasons, we deny Richard's request for a COA on both claims.

COA **DENIED.**

7